**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| In Re:  Carl Mason Spencer and Sheila Ann W Spencer | Case No. 16-32280-KRH<br>Chapter 13 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

US Bank Trust National Association, as Trustee of the SCIG Series III Trust, Movant

vs.

Carl Mason Spencer
aka Carl M. Spencer, Debtor
Sheila Ann W Spencer
aka Sheila A. Spencer, Debtor
Carl M. Bates, Trustee
                Respondent(s)

**CONSENT ORDER AND STIPULATION MODIFYING AUTOMATIC STAY**

      This matter is scheduled to be heard before the court on March 4, 2020, on the Motion of US Bank Trust National Association, as Trustee of the SCIG Series III Trust, Movant, by its attorney Richard Painter, Esq., for the relief from the automatic stay with respect to the property secured by the Deed of Trust dated December 21, 2005 and recorded amount the land records of County of County of Henrico, Virginia, and which encumbers the property of the Debtors at 21 Skipwith Green Circle, Richmond, Virginia 23294, and more particularly described as follows:

Richard Painter, Esq.
Attorney for Movant
Bar No. 90146
McCabe, Weisberg & Conway, LLC
312 Marshall Avenue, Suite 800
Laurel, MD 20707
301-490-1196
bankruptcyva@mwc-law.com
18-703081

```
ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND, WITH THE
BUILDINGS AND IMPROVEMENTS THEREON, LYING, BEING AND
SITUATE IN THE COUNTY OF HENRICO, VIRGINIA, AND BEING
KNOWN, NUMBERED AND DESIGNATED AS LOT 1, BLOCK D, AS SHOWN
ON THAT CERTAIN PLAT ENTITLED, 'SKIPWITH GREEN', WHICH SAID
PLAT IS DULY RECORDED IN THE CLERK'S OFFICE OF THE CIRCUIT
COURT OR HENRICO COUNTY, VIRGINIA IN MAP BOOK 48 AT PAGE
35. TAX MAP OR PARCEL ID NO.: ▬▬▬▬▬▬
```

Upon consideration of which, it is

**ORDERED**

1. The Debtor will resume making regular monthly installment payments in the amount of $1,553.00 as they become due commencing on April 1, 2020.

2. The Debtors shall cure the post-petition arrearage currently due to the Movant from September 2019 through March 2020 in the total amount of $12,002.49, which includes current bankruptcy legal fees and costs of $1,231.00 and a suspense balance of $99.51 by making the following payments:

   a. $1,000.20 on or before April 15, 2020

   b. $1,000.20 on or before May 15, 2020

   c. $1,000.20 on or before June 15, 2020

   d. $1,000.21 on or before July 15, 2020

   e. $1,000.21 on or before August 15, 2020

   f. $1,000.21 on or before September 15, 2020

   g. $1,000.21 on or before October 15, 2020

   h. $1,000.21 on or before November 15, 2020

   i. $1,000.21 on or before December 15, 2020

   j. $1,000.21 on or before January 15, 2021

   k. $1,000.21 on or before February 15, 2021

   l. $1,000.21 on or before March 15, 2021

Richard Painter, Esq.
Attorney for Movant
Bar No. 90146
McCabe, Weisberg & Conway, LLC
312 Marshall Avenue, Suite 800
Laurel, MD 20707
301-490-1196
bankruptcyva@mwc-law.com
18-703081

3. In the event that any payment required by this order is not received by the Movant within 15 days after it is due, the Movant may mail a notice of default to the Debtor by first class mail, post prepaid, (and, if it desires, also by certified or registered mail) with a copy to debtor's counsel and the trustee by first class mail, post prepaid, or by email at the same time as the notice of default is mailed to the debtor.  The notice of default will state in simple and plain language:

   a. That the debtor is in default in making at least one payment required under this order;
   b. The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;
   c. The action necessary to cure the default, including any address to which payments must be mailed;
   d. That the debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default;
      d.i. Cure the default;
      d.ii. File an objection with the court stating that no default exists; or
      d.iii. File an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;
   e. That if the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the Movant may file a certificate that is has complied with the terms of this order, and that the court may grant relief from the automatic stay without further notice to the debtor; and
   f. That if the automatic stay is terminated; the collateral may be sold at foreclosure.

   If the Debtor or trustee does not take one of the actions set forth in paragraph 3(d), the Movant may submit a certificate stating that it has complied with the terms of this order and that neither the debtor nor the trustee has taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

   If the Debtor or trustee files an objection, the Movant must set the matter for hearing and give notice of the hearing to the debtor, debtor's counsel and the trustee.  At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

4. The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order.  In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this order, the Movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing

5. Until an order is entered terminating the automatic stay, the Movant may not refuse to accept or apply payments tendered by the debtor, even if such payments are without prejudice and shall not

Richard Painter, Esq.
Attorney for Movant
Bar No. 90146
McCabe, Weisberg & Conway, LLC
312 Marshall Avenue, Suite 800
Laurel, MD 20707
301-490-1196
bankruptcyva@mwc-law.com
18-703081

      constitute a waiver of any default.

6. The automatic stay is modified to permit the Noteholder or servicing agent to send the debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7. Should the debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, Movant shall be entitled to reasonable attorney's fees in the amount of $50.00 for issuance of a notice of default, and an additional $50.00 for the issuance of a certificate of default and preparation of an order terminating the automatic stay.

      DONE at **Richmond**, Virginia, Dated: Mar 30 2020

      /s/ Kevin R Huennekens
      Judge, U.S. Bankruptcy Court
      Eastern District of Virginia

SEEN AND CONSENTED TO:      Entered on Docket: Mar 31 2020

_____

/s/ Richard Painter, Esq.
Richard Painter, Esq.
McCabe, Weisberg & Conway, LLC.
312 Marshall Avenue, #800
Laurel, MD 20707
VSB # 90146
301.490.1196
*Attorney for Movant*

/s/ Amanda Erin DeBerry      (by Richard Painter, Esq. with permission from Amanda
Amanda Erin DeBerry      Erin DeBerry based on FAX/email)
Boleman Law Firm, P.C.
P.O. Box 11588      X  /s/ Richard Painter
Richmond, VA  23230-1588
*Attorney for Debtors*

/s/ Carl M. Bates
Carl M. Bates      (by Richard Painter, Esq. with permission from
Richard Painter, Esq.
Attorney for Movant
Bar No. 90146
McCabe, Weisberg & Conway, LLC
312 Marshall Avenue, Suite 800
Laurel, MD 20707
301-490-1196
bankruptcyva@mwc-law.com
18-703081

| | |
|---|---|
| P.O. Box 1819 | Carl M. Bates based on FAX/email) |
| Richmond, Virginia  23218 | |
| *Trustee* | X /s/ Richard Painter |

Local Rule 9022-1(C) Certification

The foregoing Order was endorsed by and/or served upon all necessary parties pursuant to Local Rule 9022-1(C).

/s/ Richard Painter, Esq.

Certification

The undersigned certifies that the foregoing Order Granting Relief from Stay is in substantial compliance to the form order required by the Administrative Order and that no modifications, additions, or deletions have been made.

/s/ Richard Painter, Esq.

**PARTIES TO RECEIVE COPIES**

Carl Mason Spencer
21 Skipwith Green Circle
Henrico, Virginia  23294

Sheila Ann W Spencer
21 Skipwith Green Circle
Richmond, Virginia  23294

Copies will be sent electronically via the CM/ECF system to Laura Taylor Alridge, Attorney for Debtor and Carl M. Bates, Trustee.

Richard Painter, Esq.
Attorney for Movant
Bar No. 90146
McCabe, Weisberg & Conway, LLC
312 Marshall Avenue, Suite 800
Laurel, MD 20707
301-490-1196
bankruptcyva@mwc-law.com
18-703081